UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEKSANDR ANATOOLYEVICH
ZAGORODNYY,

                Petitioner,                Case No. 2:22-cv-11524
                                                  Hon. Nancy G. Edmunds

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,[1]

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Aleksandr Anatoulyevich Zagorodnyy ("Petitioner") filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Kent Circuit Court of operating a motor vehicle while under the influence of liquor – third offense. MICH. COMP. LAWS § 257.625. The court sentenced Petitioner as a fourth-time habitual felony offender to 46 months to 30 years in prison. Petitioner was released on parole shortly after he filed his habeas petition. None of the claims raised in the petition merit habeas relief.

I.

The Michigan Court of Appeals summarized the facts:

> In the early hours of June 3, 2018, a motorist was nearing his home when he had to drive around a vehicle that was obstructing his lane of travel. The motorist observed a person slumped in the driver's seat and notified the police. The police arrived to find defendant asleep in the driver's seat,

---

[1] The Court substitutes the Michigan Department of Corrections as Respondent because Petitioner is on parole. *See* MICH. COMP. LAWS § 791.238(1).

and woke him. Defendant was visibly impaired and failed a field sobriety test. According to the responding officers, defendant stated that he was unsure how the vehicle had arrived at this location before stating that his daughter had been driving. After defendant was taken to jail, his blood alcohol level was determined to be .227 grams of alcohol per 100 milliliters of blood. At trial, defendant stated that he had been asleep for approximately four hours in the vehicle. Defendant claimed that he had walked to the location to secure the van after a friend, who had been loaned and was driving the van, called to tell him that it had broken down and that he was leaving it. Defendant claimed that he wanted to make sure tools in the van were secure.

*People v. Zagorodnyy*, No. 349778, 2020 WL 7635468, at *1 (Mich. Ct. App. Dec. 22, 2020).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His brief on appeal raised three claims:

I. Was there insufficient evidence of operating a vehicle?

II. Should the judge's opinion telling the jury there was sufficient evidence require a new trial?

III. Was there ineffective assistance of counsel?

The Michigan Court of Appeals affirmed in an unpublished opinion. *Id.*

Petitioner then filed a *pro se* application for leave to appeal in the Michigan Supreme Court. The application listed only the second claim presented to the Court of Appeals, but it appeared to address all three claims that were presented to the Court of Appeals. (ECF No. 10-7, PageID.556-59.) The Michigan Supreme Court denied leave to appeal. *People v. Zagorodnyy*, No. 162556 (Mich. Sup. Ct. June 1, 2021).

II.

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state

2

courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191, 200 L. Ed. 2d 530 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010)(internal citations and quotation marks omitted). Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

III.
A.

Petitioner first claims that insufficient evidence was presented at trial to sustain his conviction. As the Court understands his argument, Petitioner asserts that being asleep and intoxicated behind the wheel of a parked and non-running vehicle is insufficient to constitute "operating" a vehicle, and there was no evidence offered at trial to prove that he drove the vehicle to the location where it was found.

3

The Michigan Court of Appeals rejected the claim on the merits. After reciting the controlling constitutional standard and outlining the circumstances under which an intoxicated individual sleeping in a parked vehicle is considered to be "operating" the vehicle,[2] the state court found that sufficient circumstantial evidence was nevertheless presented to prove beyond a reasonable doubt that Petitioner drove his vehicle while intoxicated before he passed out:

> Defendant argues that there was no evidence that he was operating the vehicle, considering that there was no testimony that he had driven the vehicle, the vehicle was found turned off and parked, and defendant was found sleeping inside. As stated above, defendant's claim was that a friend had communicated that he was abandoning the van because it had broken down while the friend was returning it to defendant, that defendant walked a half-hour to the van because he wanted to secure the tools inside, and that he then fell asleep inside the van. While, if believed, this set of facts might exonerate defendant, "the prosecution need not disprove all theories consistent with defendant's innocence; it need only introduce sufficient evidence to convince a reasonable jury of its theory of guilt despite the contradictory theory or evidence a defendant may offer." *People v. Solmonson*, 261 Mich. App. 657, 662-663 (2004), citing *Hardiman*, 466 Mich. at 423-424.
>
> In this case, the prosecutor presented sufficient circumstantial evidence to support, beyond a reasonable doubt, that defendant had operated the vehicle while intoxicated and had yet to put the vehicle in a position posing no significant risk of collision. There was no dispute that defendant was intoxicated. Also, the vehicle was in a location that created a significant risk of a collision. It had come to rest in a driving lane, a hundred yards from a stop sign. The motorist who alerted the police had to drive around the vehicle because it obstructed the lane of travel. The vehicle was not running and there was evidence that only its parking lights were on. Moreover, keys were in the vehicle's ignition. This evidence demonstrated that someone had operated the vehicle.
>
> The evidence and reasonable inferences also demonstrated beyond a reasonable doubt that defendant was the operator of the vehicle who

---

[2] Under Michigan law, a person is considered to still be "operating" a parked vehicle if he put it in a "position posing a significant risk of causing a collision," until the vehicle has been "returned to a position posing no such risk." *People v. Wood*, 450 Mich. 399, 404-405 (1995)(citing *City of Plymouth v. Longeway*, 296 Mich. App. 1, 8 (2012).
.

4

>placed it in the subject location. Most importantly, as stated, defendant was found in the driver's seat of the vehicle and his keys were in the ignition. Defendant asserted that he put a padlock key in the ignition and not the van key, which he said was hidden under the vehicle. However, the impound document for defendant's vehicle indicated that the ignition key was present in the vehicle. Because defendant admitted that he had placed a key in the ignition and the ignition key was found in the vehicle, because defendant was in the driver's seat of the vehicle, which had stopped in a roadway, and because the vehicle was .7 miles from defendant's residence, it was reasonable to infer that defendant had been driving the vehicle.
>
>Further, although defendant testified that he had not driven the vehicle and that a friend had abandoned it, according to a responding officer, defendant reported at the time that he was unsure of how the vehicle came to be on the street before reporting that his daughter had been driving. This was inconsistent with his testimony at trial. The jury was empaneled to determine defendant's credibility, and an appellate court will not second-guess this determination. *People v. Dunigan*, 299 Mich. App. 579, 582 (2013), citing *People v. Wolfe*, 440 Mich. 508, 514-515 (1992)(This Court "does not interfere" with the fact-finder's "assessment of the weight and credibility of witnesses or the evidence"). Thus, the evidence and reasonable inferences supported the jury's determination that defendant "put the vehicle in motion, or in a position posing a significant risk of causing a collision," while intoxicated.

*Zagorodnyy*, 2020 WL 7635468, at *1-3.

Under clearly established Supreme Court law, the standard governing sufficiency of the evidence claims is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under AEDPA, moreover, a habeas court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because *Jackson* claims are "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(per curiam). First, it is the responsibility of the jury to decide what conclusions should be drawn from the evidence admitted at trial. *Johnson*, 566 U.S. at 651 (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)(per curiam)). "And

second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id*. (quoting *Smith*, 565 U.S. at 2); *see also Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017)(stating that "two layers of deference apply [to a sufficiency-of-the-evidence claim], one to the jury verdict, and one to the state appellate court").

The Michigan Court of Appeals did not unreasonably apply the established standard. Though it was Petitioner's position at trial that he only entered the van after it was parked by someone else, and all that he did was sit and sleep in it to guard his tools, the established standard for deciding his sufficiency claim does not require a reviewing court to accept the defense theory as true. Far from it. A reviewing court must instead view the evidence presented at trial in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319. A rationale jury quite obviously might not have accepted Petitioner's explanation for how he was found in the vehicle and found his story not credible.

Furthermore, the prosecutor was not required to provide direct evidence or eyewitness testimony indicating that Petitioner was seen driving the van while he was intoxicated. It is clearly established that a jury's verdict may be based entirely on circumstantial evidence. *Gipson v. Sheldon*, 659 F. App'x 871, 882 (6th Cir. 2016)(citations omitted). When considering a claim of insufficient evidence, "[c]ircumstantial evidence is entitled to the same weight as direct evidence." *United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis

6

except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006)(internal quotation marks omitted).

As noted by the state appellate court, persuasive circumstantial evidence supported a finding by the jury that Petitioner drove his van while intoxicated to the location it was found. Despite his denials, there were strong indications that Petitioner was the driver. For one, he was found in the driver's seat of his own van. Keys were found in the ignition. Petitioner lied about hiding the vehicle keys under the van. The van was found almost a mile from Petitioner's house. And finally, before relaying his innocent explanation, Petitioner first told police officers that he did not remember how he ended up in the van. Given the circumstantial evidence presented at trial, it was not objectively unreasonable for the Michigan Court of Appeals to find that sufficient circumstantial evidence was presented at trial and to reject the claim.

B.

Petitioner's second claim asserts that the trial court erred when it informed the jury that there was sufficient evidence presented at trial to convict him. His related third claim asserts that his trial counsel was ineffective for failing to object to the comment.

After reciting the applicable standard for judicial bias claims, the Michigan Court of Appeals found that the comments were not improper, and that counsel was not required to make a meritless objection:

> In this case, the trial court did not give an opinion regarding its analysis of the evidence presented at trial as it pertained to the OUIL charge. Defendant argues that the trial court implied that it thought the evidence of OUIL was strong, because it told the jury that the evidence was insufficient to try defendant for having an open container, and defendant suggests that this gave rise to a negative inference that the opposite was true for the OUIL charge. However, the most that the jury could infer from the trial court's statement was that there was sufficient evidence for a trial

7

> on the OUIL charge. The jury was already aware that there was sufficient evidence to charge defendant with OUIL because they were informed of the two charges against defendant that they were empaneled to decide. The trial court's comments were regarding the threshold of the evidence needed for submission to the jury, rather than the strength of the evidence regarding conviction. The trial court simultaneously informed the jury that it was responsible for determining "whether [defendant] is guilty or not guilty of [OUIL]," and the court later instructed that its comments were not evidence and that the jury should disregard any opinion that the jury might believe the trial court had about the case. Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors. *People v. Bauder*, 269 Mich. App. 174, 195 (2005). Thus, defendant's claim that the trial court influenced the jury with the announcement of its ruling relative to the open intoxicants charge is without merit.

*Zagorodnyy*, 2020 WL 7635468, at *4.

Neither in the state courts nor here does Petitioner rely on clearly established Supreme Court law holding that a trial judge may not inform the jury about a decision it made on a directed verdict motion. Petitioner relies on a general appeal to due process and fundamental fairness, but that sort of generalized attack fails under AEDPA. *See Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting 28 U.S.C. § 2254(d)(1)); *Williams v. Taylor*, 529 U.S. 362, 390 (2000)(identifying clearly established Supreme Court law is the "threshold question under AEDPA.").

The closest body of Supreme Court law applicable would be the due process right to an unbiased judge. "[T]he floor established by the Due Process Clause clearly requires a 'fair trial in a fair tribunal,' ... before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997) (cleaned up). "Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty." *Brown v. Palmer*, 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).

Nothing in the trial court's comments indicated an actual bias against Petitioner. Rather, the judge simply informed the jury that it would only be considering one of the two charges it was informed about at the start of trial:

> Ladies and Gentlemen, I want to clarify something before we proceed any further in this matter. There was an information filed which we went over at the beginning of trial that charged the Defendant, Mr. Zagorodnyy, with two Counts. One is operating while intoxicated. That's Count I. The Second Count is Alcohol—open container in a vehicle. That's Count II. The Court has found – I have found that there's insufficient evidence of open container in a vehicle. That includes, like, having an open container of alcohol in the vehicle. I didn't feel that there was sufficient evidence to support that, so that claim is being dismissed by the Court. So, the only matter that you're going to have to consider is operating while intoxicated. That is the only count you will have to consider in whether Mr. Zagorodnyy is guilty or not of that Count.

(ECF No. 10-4, at 165.)

The characterization of the record by the state court as unremarkable and not meriting relief as a matter of due process was reasonable.

As for defense counsel's failure to object to the statement, "[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013); *see also Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim.").

Accordingly, Petitioner is not entitled to relief on any of his habeas claims, and the petition will be denied.

IV.

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy §

2253(c)(2), Petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(citation and internal quotation marks omitted). The Court finds that reasonable jurists would not debate the resolution of any of Petitioner's claims. The Court will therefore deny a certificate of appealability.

The Court also finds that because any appeal of this order would be frivolous, permission to appeal in forma pauperis will likewise be denied. FED. R. APP. P. 24(a).

V.

**THEREFORE, IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED**, that permission to appeal in forma pauperis is **DENIED**.

s/ Nancy G. Edmunds
Hon. Nancy G. Edmunds
United States District Judge

Dated: May 3, 2023